IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

SHALAKO S. ERWOOD,              )
                                )
            Plaintiff,          )
                                )
v.                              )   CIVIL ACTION NO. 2:15cv207-WKW
                                )
ASPIRE STAFFING, LLC, et al.,   )
                                )
            Defendants.         )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Shalako Erwood, proceeding *pro se*, sues Aspire Staffing, LLC, and its owner, Mark Free, for employment discrimination under Title VII.  He asserts that Free subjected him to a sexually hostile work environment through unwelcome verbal and physical conduct of a sexual nature.  This action is presently before the court on defendant Free's motion to dismiss (Doc. # 8).

Free contends that he is not plaintiff's "employer" as defined by Title VII and, thus, that "this lawsuit is due to be dismissed with prejudice against Mark Free." (Id., p. 1). Plaintiff alleges that defendant Aspire Staffing, LLC, "continuously conducted business in Montgomery County, Alabama, has continuously had at least fifteen (15) employees and has continuously been engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII," and that Free is Aspire Staffing's "sole member[.]" (Complaint, ¶¶ 5, 6).  Although the court gave him an opportunity to do so (see Doc. # 10),

1

plaintiff has not responded to Free's motion to dismiss.

Title VII does not provide a cause of action against individuals. "The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act."  Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991); see also Dearth v. Collins, 441 F.3d 931 (11th Cir. 2006)(no claim under Title VII, either directly or under alter ego theory, against the sole shareholder/president of corporate employer for sexual harassment by that individual).  Accordingly, Free's motion to dismiss is due to be granted.[1]

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that defendant Free's motion to dismiss (Doc. # 8) be GRANTED, and that plaintiff's Title VII claims against Free be DISMISSED with prejudice.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or July 10, 2015.  Objections must identify specifically the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court. See United States v. Schultz, 565 F.3d 1353, 1360 (11th Cir. 2009)(citing Marsden

---

[1]  Plaintiff's conclusory and vague allegation of physical contact (see Complaint, ¶ 12) is not sufficient to state a colorable claim of assault and battery under Alabama law. It does not appear from the face of the complaint that plaintiff seeks to assert any claim arising under state law against defendant Free.

v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)).

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 26th day of June, 2015.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE